J-S72024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RICHARD LOPEZ, | : | |
| | : | |
| Appellant | : | No. 3287 EDA 2016 |

Appeal from the PCRA Order September 15, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014722-2007

BEFORE: BENDER, P.J.E., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY MUSMANNO, J.: **FILED DECEMBER 29, 2017**

Richard Lopez ("Lopez") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On August 22, 2008, Lopez pled *nolo contendere* to the crimes of aggravated assault and criminal conspiracy.[2] **See** 18 Pa.C.S.A. §§ 2702, 903. On June 10, 2009, the trial court sentenced Lopez to concurrent prison terms of six to fifteen years. On direct appeal, this Court affirmed Lopez's judgment of sentence, after which the Pennsylvania Supreme Court denied

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] It is well established that a plea of *nolo contendere* is treated as a guilty plea in terms of its effect upon a given case." **Commonwealth v. V.G.**, 9 A.3d 222, 226 (Pa. Super. 2010).

---

* Former Justice specially assigned to the Superior Court.

allowance of appeal. **See Commonwealth v. Lopez**, 4 A.3d 672 (Pa. Super. 2010), **appeal denied**, 13 A.3d 476 (Pa. 2010).

Lopez timely filed the instant PCRA Petition on August 20, 2011. Appointed counsel filed an Amended PCRA Petition on October 19, 2015. After appropriate Notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Lopez's PCRA Petition without an evidentiary hearing. Thereafter, Lopez filed the instant, timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Lopez presents the following claim for our review: "Did the PCRA [c]ourt err when it dismissed [Lopez's] PCRA Petition without a hearing, and [] where [Lopez] had pled that he had been deceived by prior counsel as to sentencing[,] and where said issue could not be resolved until and unless an evidentiary hearing was held?" Brief for Appellant at 3.

Lopez argues that his plea counsel rendered ineffective assistance by inducing him to plead *nolo contendere* with a promise that the trial court would sentence him to three to six years in prison. **Id.** at 8. Lopez contends that an evidentiary hearing is necessary to determine whether counsel improperly induced him to plead guilty. **Id.** at 8-9.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Montalvo**, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

To establish ineffective assistance of counsel warranting relief under the PCRA, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** Counsel cannot be deemed ineffective for failing to pursue a claim that lacks merit. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

When asserting a claim of ineffectivene assistance of counsel in the context of a guilty plea, a defendant must show that plea counsel's ineffectiveness induced him to enter the plea. ***Commonwealth v. Johnson***, 875 A.2d 328, 331 (Pa. Super. 2005).

> Because a plea of guilty effectively waives all non-jurisdictional defects and defenses, after sentencing, allegations of ineffectiveness of counsel in this context provide a basis for withdrawal of the plea only where there is a causal nexus

between counsel's ineffectiveness, if any, and an unknowing or involuntary plea. The guilty plea hearing becomes the significant procedure under scrutiny. The focus of the inquiry is whether the accused was misled or misinformed and acted under that misguided influence when entering the guilty plea.

**Commonwealth v. Flood**, 627 A.2d 1193, 1199 (Pa. Super. 1993) (citations and emphasis omitted).

As this Court has explained,

[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

* * *

The long standing rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

* * *

[A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

**Commonwealth v. Pollard**, 832 A.2d 517, 523-24 (Pa. Super. 2003).

Our review of the record discloses that during his plea colloquy, the trial court explained to Lopez that he was entering a plea of no contest to two first-degree felonies, and the court could impose consecutive sentences for a prison term of up to 20 to 40 years. N.T., 8/22/08, at 6. In addition,

- 4 -

the trial court reiterated that it had the authority to sentence Lopez to ten to twenty years in prison for each charge, ten to twenty months, or even ten to twenty days, and that it was entirely up to the trial court as to the sentenced imposed. *Id.* Lopez acknowledged that he understood the trial court's explanation of potential sentences. *Id.* at 7-8. Further, Lopez acknowledged that he had discussed his no-contest plea with plea counsel; he understood the rights that he was giving up by tendering his plea; he was satisfied with counsel's representation; and that no one had made any promises to him regarding his sentence. *Id.* at 8-16.

Thus, our review of the record discloses that, by his own admission, Lopez knew of his potential sentences at the time of sentencing, and that counsel had made no promises for a lower sentence. Because Lopez failed to establish that his counsel rendered ineffective assistance, we affirm the Order of the PCRA court, which dismissed Lopez's Petition without a hearing.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2017

- 5 -